UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARL ANTHONY GRIMES,

        Plaintiff,

    v.

MARTA S. DIAS, et al.,

        Defendants.

Case No. 18-cv-02173-MEJ

**ORDER FOR REASSIGNMENT;
REPORT & RECOMMENDATION**

## INTRODUCTION

On April 11, 2018, Plaintiff Carl Anthony Grimes filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 2. The Court previously granted Plaintiff's IFP Application. Dkt. No. 4. However, not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). The Clerk of Court shall therefore **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED** as described below.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

### A.    Legal Standard

While the Court has granted Plaintiff's IFP Application, it must also review Plaintiff's Complaint to determine whether the action may be allowed to proceed. The Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (per curiam).  Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.     Allegations in the Complaint**

From December 2017 through February 2018, Plaintiff participated in San Mateo County Court juvenile proceedings concerning his three minor children.  Compl. at 3.[1]  Plaintiff alleges San Mateo County social workers falsely accused him of domestic violence and sexually abusing his daughter.  *Id.* at 4, 11.  Social workers also fabricated false allegations that Plaintiff's children were fearful of him.  *Id.* at 11.  Social workers did not interview Plaintiff about any allegations of sexual abuse or domestic violence.  *Id.* at 12.  Nor did they provide Plaintiff with reunification services; they informed Plaintiff that no such services could be provided because this was a criminal matter.  *Id.*

Plaintiff had substantial and credible evidence refuting the false accusations, including video evidence that Plaintiff's children enjoyed a loving relationship with their father and did not fear him, and Plaintiff's written declaration that he had never sexually abused his daughter or committed domestic violence against their mother.  *Id.* at 4, 13-14.  However, Judge Marta Dias, who was presiding over the matter, suppressed the evidence and denied Plaintiff his right to present it.[2]  *Id.* at 4.  Judge Dias instead fabricated evidence that Plaintiff and the mother of his children were in a domestic violence relationship that prevented the children from returning home.  *Id.* at 14.  Judge Dias also fabricated that Plaintiff made threatening gestures toward the children's mother during a 2017 court hearing.  *Id.*  Judge Dias made threats to Plaintiff, causing him to leave

---

[1] Page numbers refer to the ECF pagination.

[2] Plaintiff identifies this Defendant as "Marta Dias."  According to the San Mateo County Superior Court's website, her name is "Marta Diaz."  The Superior Court of California, County of San Mateo, *Directory of Judges*, http://www.sanmateocourt.org/general_info/judges/directory.php (last visited April 17, 2018).  For purposes of this Order, the Court adopts Plaintiff's spelling.

the hearing out of fear of being falsely detained. *Id.*

Plaintiff's court-appointed attorney, Bonie Miller, also fabricated evidence against him. *Id.* at 4, 21. In addition, Ms. Miller failed to provide him with competent representation. *Id.* at 4, 14, 21. Ms. Miller failed to challenge the allegations of sexual abuse against Plaintiff; did not "have a hearing on the sexual abuse allegations" although Plaintiff instructed her to do so; failed to present Plaintiff's "video evidence concerning his loving relationship with his children and family" and instead chose to withhold that evidence from the court; and did not meet, talk to, or subpoena Plaintiff's children because "she did not want to traumatize the plaintiff['s] children." *Id.* at 15. Judge Dias knew of these facts but denied Plaintiff's request for another court-appointed attorney. *Id.* at 14-15.

Plaintiff's children's court-appointed attorney, Sheri Friedman, fabricated evidence against him. *Id.* at 4, 19. Ms. Friedman did not interview or question Plaintiff, nor has she observed Plaintiff with his children. *Id.* at 19-20. Ms. Friedman withheld unspecified "evidence in order to cause the break up of a family." *Id.* at 20. Ms. Friedman recommended Plaintiff's and the children's mother's parental rights be terminated, despite having no legitimate reason to do so. *Id.* at 20-22.

There was no court hearing, and no witness testimony or other evidence regarding the alleged sexual abuse or domestic violence was presented. *Id.* at 4, 12. On February 27, 2018, Judge Dias terminated Plaintiff's and the mother's parental rights to their children. *Id.* at 4, 11.

Plaintiff names as Defendants Judge Dias, Bonie Miller, and Sheri Friedman. He asserts the following claims under 42 U.S.C. § 1983: (1) two claims for violation of his 14th Amendment rights to due process and equal protection against all Defendants; [3] (2) a claim of judicial misconduct against Judge Dias; (3) two claims ineffective assistance of counsel against Ms. Miller in violation of the 14th Amendment; and (4) a claim against Ms. Friedman for violation of the 14th Amendment. *Id.* at 5-6, 8-9. Plaintiff also appears to assert a claim against San Mateo County Social Services and/or Department of Social Services Agency. *See id.* at 16 ("The

---

[3] Plaintiff's second claim does not specify which 14th Amendment right was violated. *See* Compl. at 6.

Department of Social Services Agency.  San Mateo County Social Services.  Has policies and practices that are in violation of the United States Constitution Amendment Rights.  Concerning the Fourth Amendment, and the Six[th] Amendment, and the Fourteenth Amendment Rights of The United States Constitution.").  Plaintiff seeks $300 million in monetary damages.  *Id.* at 7.

**C.    Analysis and Screening**

"Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  To prevail on a § 1983 claim, Plaintiff must prove "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

1.    <u>Judge Dias</u>

As a judicial officer, Judge Dias is entitled to immunity from suit.  *See Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 734-35 (1980) ("[W]e have held that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities.").  This doctrine is "not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982) (internal quotation marks omitted).  Judicial "immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted).

Plaintiff does not allege any facts that suggest Judge Dias acted outside the scope of her judicial capacity or took actions absent jurisdiction to do so.  On the contrary, Plaintiff's Complaint shows that Judge Dias' actions were taken in her capacity as a judge in relation to the juvenile court proceeding involving Plaintiff's children.  She is therefore entitled to judicial

immutiy.

2. <u>Bonie Miller and Sherie Friedman</u>

Plaintiff cannot assert § 1983 claims against Ms. Miller or Ms. Friedman. Court-appointed attorneys are not state actors. *See Secress v. Ullman*, 147 F. App'x 636, 637 (9th Cir. 2005) ("The district court properly dismissed . . . claims against defendant[,] . . . a court-appointed attorney assigned to represent the minor child [] because [the defendant] was not a state actor."); *Savin v. Savin*, 2015 WL 3619184, at *21 (C.D. Cal. May 5, 2015), *report and recommendation adopted*, 2015 WL 3618166 (C.D. Cal. June 8, 2015), *aff'd*, 2018 WL 1601796 (9th Cir. Apr. 3, 2018) ("[A]n attorney's representation of a private litigant in court proceedings does not render the attorney a 'state actor' for purposes of section 1983." (collecting cases)); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). As such, Plaintiff cannot state § 1983 claims against Ms. Miller or Ms. Friedman.

3. <u>Department of Social Services Agency/San Mateo County Social Services</u>

To the extent Plaintiff asserts a *Monell* claim against the Department of Social Services Agency or San Mateo County Social Services, he fails to allege facts in support of thereof.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To establish *Monell* liability, "a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which []he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks and brackets omitted). In addition, "[t]here . . . must be a direct causal link between the policy or custom and the injury, and [the plaintiff] must be able to demonstrate that the injury resulted from a permanent and well settled practice." *Anderson v. Warner*, 451 F.3d 1063, 1070

(9th Cir. 2006) (internal quotation marks omitted).

Plaintiff conclusorily alleges these entities have policies and practices that violate the Fourth, Sixth, and Fourteenth Amendments.  He does not allege facts describing these policies and practices, showing how they amount to a deliberate indifference to his constitutional rights, or identifying a causal connection to his deprivation of rights.  As such, Plaintiff fails to state a *Monell* claim against these government entities.

## CONCLUSION

As not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the following recommendations:

1.      Plaintiff's claims against Judge Dias be **DISMISSED** but that Plaintiff be allowed to amend his complaint against Judge Dias only if he can allege facts showing that Judge Dias took "actions not taken in [her]  judicial capacity" or took "actions, though judicial in nature, . . . in the complete absence of all jurisdiction."

2.      Plaintiff's claims against Ms. Miller and Ms. Friedman be **DISMISSED WITHOUT LEAVE TO AMEND**, as these Defendants are not state actors.

3.      Plaintiff's claims, if any, against the Department of Social Services Agency and/or San Mateo County Social Services be **DISMISSED WITH LEAVE TO AMEND**, provided that Plaintiff clarifies whether he is pursuing a *Monell* claim against these entities and can allege sufficient facts in support thereof.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.  At the Legal Help Center, you will be able to speak with an attorney who may be able to

provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: April 18, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge